IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

Filed at 9:00 A.M.
DATE 9/2/05
DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

CASEY NELSON,            *

    Petitioner,         *       CASE NO. 5:03-CV-370-4-WDO
                                        28 U.S.C. § 2255
VS.                      *
                                        CASE NO. 5:01-CR-68-WDO
UNITED STATES OF AMERICA, *

    Respondent/         *

## ORDER

On August 9, 2005, this Court, after having carefully considered the Report and Recommendation of the United States Magistrate Judge to whom Petitioner Nelson's Motion To Vacate, Set Aside, or Correct his Sentence had been referred pursuant to 28 U.S.C. § 636(b)(1)(B), and after careful consideration of Petitioner's Objections thereto, adopted the Magistrate Judge's Recommendation and made the same the Order of the Court.

Petitioner has subsequently filed in this Court a Petition For Certificate of Appealability. He contends that he is entitled to a Certificate of Appealability of the following issues:

> 1. Whether the District Court should have conducted a de novo review and received live testimony from Petitioner as it relates to the credibility determinations made by Judge Faircloth in the Report and Recommendation regarding his claim that his attorney failed to file and appeal; and

> 2. Whether Petitioner's claim of conflict of interest rose to the level of constitutional violations, and whether Petitioner waived any conflict of interest by entry of his plea of guilty.

Under 28 U.S.C. § 2253(c), a COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. For the reasons stated in Magistrate Judge Faircloth's Recommendation and this Court's Order adopting the same, the Court finds that petitioner has not made a substantial showing of the denial of a constitutional right as to his Claim 2 above.

As to Petitioner's Claim 1, which was not raised prior to the Magistrate Judge's Report and Recommendation, this Court notes that Petitioner does not challenge the constitutionality of 28 U.S.C. § 636(b)(1)(B). This Court, by authority that statute, referred Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255 to the Magistrate Judge "to conduct hearings, including evidentiary hearings . . . of applications for post-trial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement." *Id.* Inherent in the authority to hold evidentiary hearings is the authority to make credibility determinations and report the same to the Court. Petitioner's Claim 1 is without merit.

The Court finds that Petitioner Nelson has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). Accordingly, the application for a COA is **DENIED**.

**SO ORDERED**, this 1st day of September 2005.

WILBUR D. OWENS, JR.
UNITED STATES DISTRICT JUDGE